# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **SAMUEL EARL JONES,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL ACTION NO.** |
| | : | **1:08-CR-0322-TCB-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:12-CV-0824-TCB-AJB** |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties and upon any unrepresented parties.

Within fourteen (14) days of service of this Order, a party may file written objections, if any, to the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be

AO 72A
(Rev.8/82)

adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 25th day of April, 2012.

							_____
							**ALAN J. BAVERMAN**
							**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **SAMUEL EARL JONES,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL ACTION NO.** |
| | : | **1:08-CR-0322-TCB-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:12-CV-0824-TCB-AJB** |

# UNITED STATES MAGISTRATE JUDGE'S FINAL
# REPORT AND RECOMMENDATION

Movant, Samuel Earl Jones, seeks via 28 U.S.C. § 2255 to challenge his July 16, 1999 ten-year term of supervised release entered in the criminal judgment against him in the United States District Court for the Middle District of Florida, which judgment was amended on June 6, 2001 (as to Movant's term of imprisonment) and which term of supervised release was transferred to this Court in August of 2008. [Docs. 1, 31.] *See United States v. Jones*, No. 8:98-cr-0228-2 (M.D. Fla. July 16, 1999) (hereinafter *Jones*). For the reasons discussed below, the undersigned recommends that the § 2255 motion be dismissed, without prejudice, for lack of jurisdiction.

## I. Discussion

Movant's original sentence was entered on July 16, 1999. Judgment, *Jones* (Docket Entry 334). Movant's amended sentence, which did not alter his ten-year term

of supervised release, was entered on June 6, 2001. Order, *Jones* (Docket Entry 1033). Movant did not appeal either his original or amended sentences. Movant's ten-year supervised-release term remains valid, and, as of January 31, 2012, Movant has been detained pending a final hearing on a petition for a revocation of his supervised release. [Docs. 17, 28.]

In his "Motion Under 28 U.S.C. § 2255" now before the Court, Petitioner asks that the retroactive "crack law," which allows a two point sentence reduction, be applied to "suspend [his] supervised release."[1] [Doc. 31.] Section 2255 allows a prisoner to "move the court *which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Further, a § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Because Movant is represented by counsel in his supervised-release proceedings in this Court, [*see* Doc. 21], the Court does not attempt to liberally construe his § 2255 motion as a motion pertaining to those proceedings.

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[2]

This Court lacks authority under § 2255 to entertain a challenge to the sentence imposed by the United States District Court for the Middle District of Florida. Further, Movant's § 2255 motion is untimely. Movant's sentence became final, at the very latest, by Monday June 18, 2001, on expiration of the time to appeal from the amendment to his judgment and conviction entered on June 6, 2001. 28 U.S.C. § 2255(f)(1), Fed. R. App. P. 4(b)(1)(A), 26(a) (2001). Movant's § 2255 motion, filed

---

[2] Nothing in Movant's § 2255 motion demonstrates that § 2255(f)(2)-(4) apply. Also, nothing in Movant's § 2255 motion shows that he is entitled to equitable tolling of the federal limitations period or to an actual innocence exception to the limitations period. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.) (The one-year statute of limitations is subject to equitable tolling if the petitioner " 'shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' " (quoting *Holland v. Florida*, --- U.S. ----, ----, 130 S. Ct. 2549, 2562 (2010))), *cert. denied*, --- U.S. ----, 132 S. Ct. 158 (2011).

3

in March 2012, is untimely by over a decade. Because this Court lacks authority to entertain Movant's § 2255 motion and because it is apparent that his motion is untimely, it is recommended that his § 2255 motion be dismissed and that the Court not transfer it to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 1631 (allowing transfer to proper federal court in the interest of justice).

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted). " 'When the district court denies a habeas petition on procedural grounds

4

AO 72A
(Rev.8/82)

without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that this Court lacks authority to entertain Movant's § 2255 motion and that a transfer to the United States District Court for the Middle District of Florida is unwarranted. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion, [Doc. 31], be **DISMISSED**, without prejudice, for lack of jurisdiction.

5

The Clerk of Court is **DIRECTED** to withdraw the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 25th day of April, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)